UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————————————— :
                                  :
NAADIR I. MUHAMMAD,               :
                                  :
        Petitioner,               :   Civ. No. 13-4920 (NLH)
                                  :
    v.                            :   OPINION
                                  :
GERALDINE COHEN,                  :
                                  :
        Respondent.               :
———————————————————————————— :

APPEARANCES:
Naadir I. Muhammad, #202899
Atlantic County Justice Facility
5060 Atlantic Ave
Mays Landing, NJ 08330
    Petitioner Pro se


HILLMAN, District Judge

        Petitioner Naadir I. Muhammad, formerly a pretrial detainee

confined at the Atlantic County Justice Facility in Mays

Landing, New Jersey, files this writ of habeas corpus under 28

U.S.C. § 2241 challenging the constitutionality of his

detention.  On February 25, 2014, Plaintiff submitted an

application to proceed in forma pauperis which the Court finds

to be complete. (Letter from Naadir Muhammad 17-27, ECF No. 2).

At this time the Court will review the Petition pursuant to Rule

4 of the Rules Governing Section 2254 Cases, (amended Dec. 1,

2004), made applicable to § 2241 petitions through Rule 1(b) of

the Habeas Rules. See also 28 U.S.C. § 2243.  For the reasons

set forth below, the Petition will be dismissed without
prejudice.

## I.   PROCEDURAL HISTORY

The procedural history of this case is somewhat convoluted.
On or about August 15, 2013, the Court received a submission
from Petitioner. (ECF No. 1).  In this submission, Petitioner
asserts that he had previously sent the Court a 13-page petition
for habeas corpus.  Petitioner states that a certain page, or
certain pages, were missing from the copies which the Clerk's
Office had mailed back to Petitioner.  Accordingly, Petitioner
resent duplicate copies of the missing page(s). (Pet. 2, ECF No.
1-1).  This submission was docketed as the Petition (ECF No. 1)
in the instant case, Muhammad v. Cohen, 13-4920 (NLH) (D.N.J).

It appears that the initial 13-page petition which
Petitioner references may have been mistakenly sent to the Third
Circuit Court of Appeals.  Petitioner encloses in one of his
submissions to the Court a letter from the Clerk for the Third
Circuit Court of Appeals which explains that the Third Circuit
had received a document titled "Writ of Habeas Corpus under
2241." (Letter 3, 4, ECF No. 2).  This document was then
forwarded to the District Court because "it appears to be
intended for filing in the District Court." (Id.).  It is
uncertain if the petition was ever received or docketed by the
district court.

Nevertheless, Petitioner submitted a letter to the district court dated August 9, 2013 which enclosed a copy of the 13-page petition.  That submission, however, was mistakenly docketed as a letter in Petitioner's already existing case which was pending before another District Judge. See Letter from Naadir I. Muhammad, Muhammad v. Cohen, No. 13-3967 (RBK) (D.N.J. Aug. 9, 2013) ECF No. 2.  Therefore, in the Order dismissing that case, the court noted that the August 9, 2013 letter had been improperly filed, and directed the Clerk's Office to docket the letter in the matter pending before this Court. See Order, Muhammad v. Cohen, No. 13-3967 (RBK) (D.N.J. Feb. 25, 2014) ECF No. 6.

The August 9, 2013 submission was then docketed in the instant case, Civ. No. 13-4920. (ECF No. 2).  This submission contains pages 2 through 13 of Petitioner's 13-page Petition (page one of the Petition is present in ECF No. 1), letters from the Third Circuit Court of Appeals, an in forma pauperis application, and several exhibits.

## II.   BACKGROUND

Based on the allegations of the Petition (Letter 5-16, ECF No. 2), Petitioner was arrested on January 25, 2012 under Warrant Nos. 000677 - 000668 and was held in pretrial detention at the Atlantic County Justice Facility.  Petitioner states that these arrest warrants were issued in violation of the

3

Constitution.  He explains that he is challenging the constitutionality of his detention "based on the 'telephonic' probable cause determination and authorization for the complaint warrants issuance, over the signature of the arresting officer." (Letter 7, ECF No. 2).

Specifically, Petitioner alleges that "there is no record of the applicant identifying himself and reading verbatim the complaint warrants and/or any supplemental affidavit that establishes probable cause for the issuance of the complaint warrants." (Letter 9, ECF No. 2).  Petitioner further asserts that he was denied due process because he was "maliciously denied the neutral and detached probable cause determination" and he contends that the warrant was not signed by a judge. (Letter 11, ECF No. 2).

Petitioner states that he has tried "to raise the constitutional legality of the warrants . . . but ha[s] been denied this argument every step of the way. (i.e. suppression hearing and quash of indictment hearing . . . )." (Letter 13, ECF No. 2).  Additionally, Petitioner contends that he filed an ethics grievance against the assistant prosecutor. (Letter 5, ECF No. 2).

The Court notes that Petitioner raised nearly identical arguments in a previous § 2241 petition, <u>Muhammad v. Cohen</u>, No. 12-6836 (RBK) (D.N.J.).  That case was dismissed without

prejudice on February 8, 2013. See Muhammad v. Cohen, No. 12-6836, 2013 WL 588144 (D.N.J. Feb. 13, 2013).

### III. STANDARD FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### IV. DISCUSSION

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. See Moore v. De Young, 515 F.2d 437, 441–42 (3d Cir. 1975). "Nevertheless, that

jurisdiction must be exercised sparingly in order to prevent in
the ordinary circumstance 'pre-trial habeas interference by
federal courts in the normal functioning of state criminal
processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010)
(quoting Moore, 515 F.3d at 445-46).  Addressing the question
whether a federal court should ever grant a pretrial writ of
habeas corpus to a state prisoner, the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus
> jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be
> exercised at the pre-trial stage unless extraordinary
> circumstances are present;
>
> (3) where there are no extraordinary circumstances and
> where petitioner seeks to litigate the merits of a
> constitutional defense to a state criminal charge, the
> district court should exercise its "pre-trial" habeas
> jurisdiction only if petitioner makes a special
> showing of the need for such adjudication and has
> exhausted state remedies.

Moore, 515 F.2d at 443 (citations omitted); see also Kern v.
Owens, No. 15-1099 JBS, 2015 WL 1622015, at *2-3 (D.N.J. Apr. 9,
2015).

With this framework in mind, this Court now looks to
Petitioner's arguments to determine whether he has exhausted
state court remedies on the merits or has demonstrated
extraordinary circumstances.  Here, Petitioner has not exhausted
his state court remedies on these claims.  Although Petitioner
asserts that he has filed an ethics grievance and several
motions in the underlying criminal matter, this is insufficient

to constitute exhaustion.  Additionally, Petitioner's explanation that he did not pursue all appeals available to him because "the state courts and judges do not process equal power" is simply without merit. (Letter 14, ECF No. 2).

Without exhaustion, this Court should only exercise pre-trial habeas jurisdiction where "extraordinary circumstances" are present. See Moore, 515 F.2d at 443.  Because the instant Petition challenges the validity of the warrants under which Petitioner was arrested, see (Letter 8-15, ECF No. 2), discussed above, Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims. See, e.g., Scheffler v. Bros., No. 13-0993, 2013 WL 5287224, at *2 (D.N.J. Sept. 18, 2013) (dismissing habeas petition challenging arrest warrant because it did not present any extraordinary or exceptional circumstances); see also Duran v. Thomas, 393 F. App'x 3 (3d Cir. 2010) (affirming district court's dismissal of habeas petition in which petitioner alleged that he was subjected to warrantless arrest and detained for 38 days without probable cause hearing, and that court had imposed excessive bail).  Rather, this action appears to be an attempt by Petitioner to litigate constitutional defenses prematurely in federal court because he is dissatisfied with the result he has achieved in state criminal process.

7

Because Petitioner failed to exhaust his state remedies on the merits and failed to present an "extraordinary circumstance" which would warrant pre-trial, pre-exhaustion habeas corpus relief, the Petition will be dismissed without prejudice.[1] See Moore, 515 F.2d at 447.  "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented." Id. at 449.  If Petitioner exhausts his constitutional claims before all three levels of the New Jersey state courts and is unsuccessful — and by that time a criminal judgment has been entered against him — petitioner can then present his constitutional claims in the district court via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254). See Carstarphen v. Camden Cnty. Corr. Facility Warden, No. 14-4596, 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014).

---

[1] Additionally, the Court notes the applicability of the Younger v. Harris, 401 U.S. 37 (1971) abstention doctrine in this case. As explained to Petitioner in the dismissal of his previous § 2241 petition, "[i]n Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Muhammad v. Cohen, No. 12-6836, 2013 WL 588144, at *2 n.1 (D.N.J. Feb. 13, 2013) (citing Samuels v. Mackell, 401 U.S. 66, 69–73 (1971) (Younger abstention doctrine applies to declaratory judgment actions)).  Because no extraordinary circumstances have been presented in this case, the Younger abstention doctrine also leads this Court to conclude that dismissal of this habeas petition is appropriate. See, e.g., Carstarphen v. Camden Cnty. Corr. Facility Warden, No. 14-4596, 2014 WL 4723150, at *3 (D.N.J. Sept. 19, 2014).

V.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

VI.   <u>CONCLUSION</u>

For the foregoing reasons, the Court will dismiss the
Petition without prejudice and deny a certificate of
appealability.

An appropriate Order will follow.


<u>s/ Noel L. Hillman___</u>
NOEL L. HILLMAN
United States District Judge

Dated: December 4, 2015

At Camden, New Jersey